IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Kim Edward Bevier and ) | C.A. No. 3:08-cv-0575-CMC |
| Cirrus Software, LLC, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | **OPINION and ORDER** |
| v. ) | **DENYING MOTION FOR** |
| ) | **PERMANENT INJUNCTION** |
| Blue Cross Blue Shield of South Carolina, ) | |
| Palmetto GBA, LLC, ) | |
| TriCenturion, Inc., ) | |
| Trailblazer Health Enterprises, LLC, and ) | |
| Diversified Service Options, Inc. ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiffs' motion for a permanent injunction. For the reasons stated below, the motion is **denied**.

**Background**

Kim Edward Bevier ("Bevier") and Cirrus Software, LLC ("Cirrus"), (collectively "Plaintiffs") brought this action seeking damages and injunctive relief for Defendants' alleged misuse of Bean 3270 software ("Software"). The Software was purchased from Plaintiffs who allege that Defendants' use is in violation of the limited license sold to Defendant Palmetto GBA, LLC ("PGBA"). Plaintiffs concede that they were aware that the Software would be used by or for TriCenturion, but allege that they were not aware that TriCenturion was an entity separate from PGBA. Dkt. No. 13-2 at 3-4. Upon discovering that TriCenturion was not a division or subsidiary of PGBA, Plaintiffs assert that they notified PGBA of the unlicensed use of the Software. After unsuccessful settlement negotiations, Plaintiffs brought suit. *Id.* at 5. Through the complaint,

1

Plaintiffs sought remedies including a preliminary and permanent injunction preventing Defendants from using the Software, return of the Software, and money damages for copyright infringement, breach of contract, conversion, and unjust enrichment. Plaintiffs also sought punitive damages, interest, costs, and attorney's fees. *See* Dkt. No. 7 at 8-10.

Defendants made and Plaintiffs accepted an offer of judgment. The notice of acceptance of offer of judgment was filed pursuant to Rule 68 of the Federal Rules of Civil Procedure. Dkt. No. 10. The entirety of the offer of judgment reads as follows:

> Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendants Blue Cross Blue Shield of South Carolina, Palmetto GBA, LLC, Tricenturion, Inc., Trailblazer Enterprises, LLC and First Coast Service Options, Inc. hereby make an offer of judgment in the amount of Fifteen Thousand and 00/100 Dollars ($15,000.00) in the above-captioned matter.

Dkt. No. 10-2. On March 6, 2008, following receipt of Plaintiffs' notice of the acceptance of the offer, the Clerk of Court entered judgment against Defendants in the amount of $15,000.00. Dkt. No. 11. Plaintiffs filed their motion for permanent injunction on March 20, 2008. Dkt. No. 13.

## DISCUSSION

The purpose of a Rule 68 offer of judgment "is to encourage settlement and avoid litigation." *Marek v. Chesny*, 473 U.S. 1, 8 (1985). An offer of judgment that left claims for equitable relief pending, therefore, would be inconsistent with Rule 68. *See Witcher v. Town of Matthews*, 136 F.R.D. 582, 585 (W.D.N.C. 1991) (noting that an offer under Rule 68 must be unconditional). Although *Witcher* applies a more stringent rule,[1] the court will assume for purposes

---

[1] In fact, some courts, including the court in *Witcher*, have held that an offer of judgment that resolved specific claims of the plaintiff while leaving others pending for resolution by the court would be invalid because such an offer allows for continuing litigation in violation of the purpose of Rule 68. *See Witcher*, 136 F.R.D. at 585.

2

of this order that an express limitation within the offer itself might be effective to preserve some aspect of Plaintiffs' claims. Given the purpose of the rule, however, there is no reason to interpret it to allow survival of any aspects of the case absent such an express limitation. This conclusion is further supported by the language of the rule itself which allows judgments to be entered "for the money or property or *to the effect specified*," indicating that an offer of judgment may provide for damages or equitable relief or both. Fed. R. Civ. P. 68 (emphasis added). "Nothing in Rule 68 requires equitable relief to be included as part [of] an offer of judgment when the complaint seeks both equitable and monetary relief." *Leach v. Northern Telecom, Inc.*, 141 F.R.D. 420, 428 (E.D.N.C. 1991). The parties have not offered and the court can find no authority of judgment that is not qualified or limited is not a final resolution of all claims.

Plaintiffs argue that "Rule 68 does not condition entry of judgment on the resolution of all issues in the case." Dkt. No. 19 at 5. Plaintiffs' cited cases do not, however, suggest any basis for reading in a reservation of select claims or remedies, especially where there is no purported reservation made known at the time the acceptance is entered. In *Scosche Industries, Inc. v. Visor Gear, Inc.*, the offer of judgment represented a satisfaction and termination of all claims in the defendant's counterclaim. 121 F.3d 675, 676 (Fed. Cir. 1997). The claims which the court found survived were those asserted in the complaint. The case does not, therefore, suggest any implied reservation of some portion of a party's claims or remedies.

The Sixth Circuit's decision in *Mallory v. Eyrich*, 922 F.2d 1273 (6th Cir. 1991), is also inapplicable, as it only addresses the ministerial nature of the Clerk of Court's role in entering

judgment.[2] While this may leave certain aspects of the offer for judicial interpretation (e.g., whether "costs" include attorney's fees), it does not support the more general proposition that the court may read in limitations which find *no* basis in the language of the offer.[3]

The Rule 68 offer at issue in this case does not include any language which might limit the scope of the judgment. Its general language making "an offer of judgment in the amount of Fifteen Thousand and 00/100 Dollars ($15,000.00) in the above-captioned matter" therefore necessarily resolves all of Plaintiffs' claims to all forms of relief sought in the complaint. *See First Financial Ins. Co. v. Hammons*, 58 Fed. App'x 31, 34 (4th Cir. 2003) (noting that where a particular type of substantive relief was sought, "using the word 'judgment' alone in an offer to settle the matter creates no ambiguity"). As the relief now sought is the same as sought in the complaint and for the same injury, no further relief is available in this action.

---

[2] Specifically, *Mallory* recognizes that the clerk must enter judgment even in the face of a known dispute as to the interpretation of the offer. In discussing the ministerial nature of the clerk's duty, the court in *Mallory* quoted *Oates v. Oates*, a Sixth Circuit case that held that the clerk must enter a Rule 68 judgment even if there is a dispute between the parties over the issue of the term "costs" in the offer itself. *Mallory*, 922 F.2d 1273, 1279 ("The clerk refused to enter judgment because the parties had not resolved their dispute on whether 'costs' included attorney's fees. However, *Rule 68* does not condition entry of judgment on the resolution of all issues. It explicitly states, 'the clerk *shall* enter judgment.'" (quoting *Oates v. Oates*, 866 F.2d 203, 208 (6th Cir. 1989))).

[3] Under Rule 68 a plaintiff must unconditionally accept or reject an offer of judgment, without negotiation. *See* Fed. R. Civ. P. 68; *Witcher*, 136 F.R.D. at 585; *Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830, 834 (9th Cir. 1997) ("The offer, once made, is non-negotiable; it is either accepted, in which case it is automatically entered by the clerk of court, or rejected, in which case it stands as the marker by which the plaintiff's results are ultimately measured.").

**Conclusion**

For the reasons set forth above, Plaintiffs' motion for permanent injunction is denied.

IT IS SO ORDERED.

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 14, 2008

5