IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Kim Edward Bevier and ) <br> Cirrus Software, LLC, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> Blue Cross Blue Shield of South Carolina, ) <br> Palmetto GBA, LLC, ) <br> TriCenturion, Inc., ) <br> Trailblazer Health Enterprises, LLC, and ) <br> Diversified Service Options, Inc. ) <br> ) <br>     Defendants. ) <br> _____ ) | C.A. No. 3:08-cv-0575-CMC <br><br> **OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION** |

    This matter is before the court on Plaintiffs' motion for reconsideration of the court's order denying permanent injunction. This motion is filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. For the reasons stated below, the motion is **denied**.

### STANDARD

    Rule 59(e) allows a trial court to amend an earlier order or judgment under three specific conditions: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007). A motion to reconsider "may not be used to raise new arguments or present novel legal theories that could have been raised prior to judgment." *Pacific Ins. Co. v. American Nat'l Fire Ins. Co.*, 148 F.3d 396 (4th Cir. 1998).

### BACKGROUND

    Kim Edward Bevier ("Bevier") and Cirrus Software, LLC ("Cirrus") (collectively "Plaintiffs") brought this action seeking damages and injunctive relief for Defendants' alleged

misuse of Bean 3270 software ("Software"). The Software was purchased from Plaintiffs who allege that Defendants' use is in violation of the limited license sold to Defendant Palmetto GBA, LLC ("PGBA").

Shortly after suit was filed, Defendants made and Plaintiffs accepted an offer of judgment, filed pursuant to Rule 68 of the Federal Rules of Civil Procedure. Dkt. No. 10. Following receipt of Plaintiffs' notice of the acceptance of the offer, judgment was entered against Defendants in the amount of $15,000. Dkt. No. 11.

After entry of judgment, Plaintiffs moved for permanent injunction to prevent Defendants' use of the Software. Dkt. No. 13. The court denied the request for permanent injunction based on its determination that the offer of judgment precluded further relief. Dkt. No. 21. Plaintiffs then filed this motion for reconsideration, Dkt. No. 22, which Defendants oppose. Dkt. No. 23.

## DISCUSSION

Plaintiffs assert two grounds for the court's reconsideration. First, Plaintiffs argue that the court improperly resolved an alleged ambiguity in the offer of judgment in favor of Defendants, who drafted the offer. Dkt. No. 22-2 at 2. Second, he argues that the court failed to address Defendants' continued use of allegedly unlicensed software. *Id.* at 8.

Defendants respond by asserting that Plaintiffs have not set forth a basis for reconsideration of the court's order under Rule 59(e). Dkt. No. 23 at 4. Instead, Defendants argue that Plaintiffs have simply repeated arguments that were or should have been previously made to the court. *Id.* For the reasons set forth below, the undersigned agrees.

First, it is apparent that Plaintiffs' arguments do not address either the first or second ground for relief under rule 59(e). Thus, to succeed in their motion, Plaintiffs must establish that

modification of the judgment is necessary to "correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d at 637.

In their first argument, Plaintiffs assert that the court improperly resolved an ambiguity in the offer of judgment. However, Plaintiffs have not explicitly articulated a clear error of law for the court's review. The court found in its original order denying summary judgment that though Defendants' offer of judgment does not specifically refer to equitable relief, its unconditional language encompasses and "resolves all of Plaintiffs' claims to all forms of relief sought in the complaint." Dkt. No. 21 at 4. The court determined there was no ambiguity regarding the scope of the offer of judgment and that the entry of Rule 68 judgment disposes of the entire case, including claims for equitable relief. *See* Dkt. No. 21 at 3. The court has again reviewed the offer of judgment and again reaches the same conclusion.[1] For these reasons and the reasons set forth in Defendant's response, Dkt. No. 23 at 5-8, Plaintiffs' first argument fails.

In their second argument, Plaintiffs' assert that the court erred in failing to grant their motion for permanent injunction because Defendants are using software developed by Plaintiffs without a license. Dkt. No. 22-2 at 7-8. Plaintiffs imply that the denial of an injunction under these circumstances results in manifest injustice. *See Id.* at 8.

The court disagrees. Plaintiffs' acceptance of the offer of judgment resolved all of their claims in this case and precludes their ability to seek additional relief through this action. Whether

---

[1] While not necessary to the present determination, the court notes that an offer of judgment is a specific legal device governed by rule and construed in light of case law. It is also generally (as in this case) prepared and considered by learned counsel rather than by individuals acting in a *pro se* capacity. These considerations suggest that a higher standard should be applied to a finding of ambiguity in an offer of judgment than in a contract between lay persons.

3

continued use of the Software after the date of entry of the offer of judgment gives rise to a new and different claim is a matter which can be litigated if and when another suit is filed.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for reconsideration is denied.

IT IS SO ORDERED.

                  S/ Cameron McGowan Currie
                  CAMERON MCGOWAN CURRIE
                  UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 29, 2008